I. Irving **DAVIDSON**, Appellant,

v.

Marshall B. **COYNE** et al., Appellees.

No. 18800.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 18, 1965.

Decided April 29, 1965.

Bastian, Senior Circuit Judge, dissented.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Harry P. Friedlander, Arlington, Va., were on the brief, for appellant.

Mr. David G. Bress, Washington, D. C., with whom Mr. Michael F. Keogh, Washington, D. C., was on the brief, for appellees. Messrs. John F. Costello and Stanley Klavan, Washington, D. C., also entered appearances for appellees.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge:

The District Court granted summary judgment in favor of appellees on appellant's claim that he was entitled to a one-fifth interest in a certain very large joint venture in real estate. The basis of the District Court's action was that appellant's claim rests on services as a real estate broker in that he acted as such in soliciting and negotiating for real estate financing in violation of the D.C. Real Estate Brokers' License Act (D.C.CODE ANN. § 45–1401 et seq.); appellant was not licensed as a broker.

Appellees owned certain valuable land in downtown Washington suitable for commercial development. Discussions between appellant and appellees led to an agreement that appellant was to seek satisfactory financing for the development of a luxury motor hotel on the land and for his services in obtaining the necessary financing appellant would receive a one-fifth interest in the enterprise.

Appellant's pleadings contend, and it is not denied, that he solicited and success-

fully negotiated financing for the contemplated project but that appellees developed other development plans in place of the motor hotel project, thus cutting him out after he had fully performed. Appellees do not dispute the services performed by appellant but point to the stringent provisions of the D.C. Brokers' License Act, which makes it a criminal offense for them to pay as well as for appellant to receive a broker's commission if the recipient is not licensed or is not exempt.

■ The issue on appeal is not whether appellant can establish the truth of all facts essential to a recovery but narrowly whether the pleadings and other matter relevant to the motion for summary judgment, considered most favorably to appellant, raise genuine issues of fact.

■ The matter turns on whether the agreement of the parties, which is not in dispute, rendered appellant a member of the joint venture from the outset, and if so whether his subsequent negotiations for financing were carried on as a principal, thus removing him from the stringent provisions of the D.C.Code under which appellant would otherwise be denied any compensation. We intimate no view whether appellant was or was not a member of the joint venture, or if so, when he became such, or whether being such member would make him a principal or owner under the Code. The question of whether or when, if at all, he became a joint venturer, and if so whether this made him a principal and exempt from the D.C.Code provisions relied on by the District Court is one having legal and factual aspects subtly blended and difficult of precise segregation. On this record we conclude that the legal issues cannot be resolved without affording appellant an opportunity to demonstrate facts in support of his claim that he was a member of a joint venture at some point before he engaged in what

would be illegal activity except for licensed brokers and principals. Only then will the District Court reach the legal question whether in such posture appellant is or is not exempt from the provisions of the Act in question.

Reversed and remanded for further proceedings.

BASTIAN, Senior Circuit Judge (dissenting):

Even if appellant were held to have become a joint venturer before he performed any services,[1] he would still be precluded from recovery by the various provisions of the District of Columbia Real Estate and Business Brokers' License Act, D.C.Code §§ 45–1401 et šeq. Simply stated, the pertinent provisions of the Act make it unlawful for anyone to act as a real estate broker without a license, bar suits for compensation by unlicensed brokers, and impose criminal penalties upon anyone who either acts as a real estate broker without first securing a license or knowingly pays compensation to an unlicensed broker. A real estate broker is defined, in part, as one who for any valuable consideration "negotiates or offers or attempts or agrees to negotiate, a loan secured or to be secured by a mortgage, deed of trust, or other encumbrance upon or transfer of real estate." D.C.Code § 45–1402. The only exception to the statutory scheme which is even arguably applicable to this case is the one in favor of those "who, as owner * * * shall perform any of the acts aforesaid with reference to property owned * * * by them." D.C.Code § 45–1402.

Even if appellant was engaged in a joint venture with respect to the property, he did not thereby become an owner of it. Appellant's own deposition shows that in return for his services he was to be given a one-fifth interest in the motel project. As amplified in the January 17, 1961, letter from appellees to appellant,

[1]. Clearly, as the majority opinion seems to concede, if appellant was not a joint venturer from the beginning, he is not entitled to recover in view of the statutory bar.

to which appellant signified his agreement by signing a copy, this meant that upon completion of the project appellant was to get his interest in "the motor hotel and land." During all of the loan negotiations there was no motel in existence, and the record is clear that appellant did not become an owner of the land alone at some prior time. Indeed, the aforementioned letter states:

> "The joint venture would be formed only in the event of the following:
>
> (a) That the construction of the motor hotel project is fully completed."

The letter also states that if this condition were not met there would be "no obligation whatsoever *to form* this joint venture nor will [appellant] be entitled *to acquire* any interest in said property." [Emphasis added.]

Thus, at no time important to this case (*i. e.*, when he performed his services) was appellant an owner of the property within the contemplation of the statutory exception. To hold that a contingent future interest in a proposed motel project, neither completed nor even begun, is sufficient "ownership" to defeat the statutory bar against unlicensed brokers ignores both the spirit and the letter of the statute. Such an arrangement is merely a contingent fee agreement. Compare Wegmann v. Mannino, 253 F.2d 627 (5th Cir. 1958).

Appellant also argues, albeit inconsistently, that in any event he was a mere "finder" and as such was not, and is not, required to be licensed. Whether or not one who merely establishes contact (performs an introductory function, so to speak) between a prospective borrower and a potential lender could be considered outside the statute as a "finder" need not be decided here. It is clear and undisputed that appellant actively participated in securing the loan commitment from the Teamsters Union. He was as much a party to the negotiations as were the appellees.

Since there are no disputed issues of material fact which in any way could alter the conclusions of law detailed above, summary judgment was properly granted against appellant. I fear that the majority opinion makes dangerous inroads into the legislative scheme which Congress enacted in order to protect the public from unlicensed brokers; for how easy it will be to convert a simple agency (real estate brokerage) agreement into a joint venture by semantic juggling of the language of the contract and hereafter avoid the licensing statute. I would affirm.